IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHERIE LEESE,                          :
                                       :
              Plaintiff,               :
                                       :   CIVIL ACTION NO. 3:17-CV-00274
      v.                               :   (JUDGE MARIANI)
                                       :
COMMONWEALTH OF PENNSYLVANIA :
DEPARTMENT OF INSURANCE,               :
                                       :
              Defendant.               :

## MEMORANDUM OPINION

### I. INTRODUCTION

Currently pending before the Court are two motions in limine filed by Defendant: a

Motion in Limine to Exclude Evidence of Settlement Authority and Discussions (Doc. 66)

and a Motion in Limine to Exclude Evidence of the Background Details and Events Leading

to Ms. Leese's Prior Complaint (Doc. 68). The case arises from Plaintiff's claim that

Defendant violated Title VII's anti-retaliation provision when it retaliated against her after

she filed and settled a prior case by coding her employment history in the Commonwealth's

electronic personnel record system in a way that harms her prospects of securing state

employment. (Doc. 1 at 1.) Defendant sought summary judgment in its favor on the single

claim contained in Plaintiff's complaint (Doc. 36) which the Court denied with the

Memorandum Opinion (Doc. 54) and Order (Doc. 55) of July 18, 2019. With the Court's

denial of Defendant's motion, the Court established a pre-trial schedule and scheduled the

case for trial. (Doc. 25.) Trial is set to commence on December 3, 2019. (*Id.*)

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v.*

2

*Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence.*" *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

## III. ANALYSIS

### A.    Motion in Limine to Exclude Evidence of Settlement Authority and Discussions

In the Motion in Limine to Exclude Evidence of Settlement Authority and Discussions (Doc. 66), Defendant anticipates that Plaintiff may seek to introduce evidence of settlement authority and settlement discussions between the parties that are related to the settlement agreement entered into by the parties in 2014 including the following: 1) an email dated June 29, 2015, from counsel for the Department of Insurance, Brad Harker, to former Chief Counsel of the Department of Insurance, Edward Zych, containing discussions of settlement authority and settlement discussions; 2) evidence that Mr. Harker discussed the amount of settlement authority that the Department had in 2014 with Mr. Zych; and 3) evidence pertaining to the events surrounding the settlement agreement reached between the parties. Defendant asserts that the evidence identified should be excluded pursuant to Federal Rule of Evidence 408(a) which addresses evidence related to compromise offers and negotiations; the communications between Harker and Zych are protected by the attorney-client privilege and are subject to the work product doctrine pursuant to Federal Rule of Civil

Procedure Rule 26(b)(3) and (b)(5); and evidence pertaining to its settlement authority and discussions should be found inadmissible under Federal Rule of Evidence 403 because such evidence will mislead or confuse the jury.  (Doc. 67 at 3, 4.)

Federal Rule of Evidence 408 provides as follows:

**(a) Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

   **(1)** furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and

   **(2)** conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

**(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

By way of example of why the Court should exclude evidence pertaining to its settlement authority or settlement discussions in the previous case, Defendant avers that "the amount of the Department's settlement authority will create a fixed number in the minds of

4

the jurors and may lead them to believe that the Department appropriately valued Ms. Leese's claims as such, thereby causing unfair prejudice to the Department." (Doc. 67 at 4.)

Plaintiff responds generally that it is not clear what evidence Defendant specifically seeks to exclude. (Doc. 70 at 2.) She attaches an e-mail string between Harker and Zych on June 29-30, 2015, as presumptively within the scope of Defendant's motion. (*Id.* at 2, 7-8.) Plaintiff asserts that the evidence is relevant because it goes to Defendant's retaliatory intent and Rule 408 is not applicable because the discussions between Harker and Zych do not pertain to the present claim but reference Plaintiff's previously settled claim. (*Id.* at 2-3.) She further avers that the "[t]he evidence, in particular Harker's comments, would be introduced as evidence of retaliatory animus toward Plaintiff" and the communications between Harker and Zyck would not be "offered to 'prove the validity' of Plaintiff's earlier claim or 'to impeach a witness through a prior inconsistent statement.'" (*Id.* at 2-3 (quoting F.R.E. 408).) Finally, Plaintiff maintains that Defendant has waived the attorney-client privilege and work product doctrine protection because Defendant voluntarily produced the relevant documents and Harker is used to identify how and why the code at issue in this case was implemented. (*Id.* at 3.)

In its reply brief, Defendant notes that Plaintiff "did not oppose its request to exclude any references to the Department's amount of authority that it had to settle Ms. Leese's prior claim during their settlement discussions – or any settlement communications between Ms. Leese's prior counsel and the Department." (Doc. 73 at 1.)

The Court cannot make a general ruling as requested by the Defendant without knowing the nature of the specific evidence and the purpose for which it may be offered, matters which will be better known at trial should Plaintiff seek to introduce some or all of the evidence at issue in Defendant's motion in limine. *See Walden*, 126 F.3d at 518 n.10; *see also Frintner*, 892 F. Supp. 2d at 707. Therefore, the Court will defer on ruling on Defendant's Motion in Limine to Exclude Evidence of Settlement Authority and Discussions (Doc. 66) until such time as specific evidence is presented. At trial, should Plaintiff seek to introduce evidence of settlement authority or settlement discussions between the parties that are related to the settlement agreement previously entered into by the parties, and Defendant believes such evidence is inadmissible, Defendant shall timely object and set forth the specific basis for such objection, at which time the Court can better evaluate the evidence in light of its scope, content, and purpose.[1]

## B. Motion in Limine to Exclude Evidence of the Background Details and Events Leading to Ms. Leese's Prior Complaint

With the Motion in Limine to Exclude Evidence of the Background Details and Events Leading to Ms. Leese's Prior Complaint (Doc. 68), Defendant anticipates that Plaintiff will seek to present evidence about the background and details leading to her sexual

---

[1] In addition to the Court having not been made aware of the specific evidence which may be offered and the evidentiary purpose for its introduction, the Court is unclear as to the relationship between Zych and Harker, with particular reference to whether an attorney-client relationship existed between them. Since both individuals are represented to be lawyers, absent evidence establishing an attorney-client relationship between them, the Court will not presume one to exist. Further, any waiver of such a relationship requires evidence which thus far has not been presented to the Court beyond general assertions by the parties in their submissions on the Defendant's motion in limine.

harassment claim against a former employee of the Department of Insurance. (Doc. 69 at 2.) In response to the motion, Plaintiff states that she "generally concurs, but seeks Court approval to revisit the issue at trial if needed." (Doc. 71 at 1.)

Given Plaintiff's general concurrence in the propriety of Defendant's motion, the Court will grant Defendant's Motion in Limine to Exclude Evidence of the Background Details and Events Leading to Ms. Leese's Prior Complaint (Doc. 68) with the understanding that "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial," *Ohler*, 529 U.S. at 758 n.1. Thus, at trial, Plaintiff may revisit the issue of raising evidence precluded by the Court's granting of the current motion.

## IV. CONCLUSION

For the foregoing reasons, a ruling on Defendant's Motion in Limine to Exclude Evidence of Settlement Authority and Discussions (Doc. 66) will be deferred until trial. Defendant's Motion in Limine to Exclude Evidence of the Background Details and Events Leading to Ms. Leese's Prior Complaint (Doc. 68) will be granted as explained herein. An Order is filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge