## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHERIE LEESE,                                  :
                                               :
                    Plaintiff,                 :
                                               :     3:17-CV-00274          FILED
        v.                                     :     (JUDGE MARIANI)        SCRANTON
                                               :
COMMONWEALTH OF PENNSYLVANIA :                                              OCT 1 3 2021
Department of Insurance                        :
                                               :                           PER _____
                    Defendant.                 :                              DEPUTY CLERK

### MEMORANDUM OPINION
### I. Introduction

Here the Court considers Plaintiff Cherie Leese's March 6, 2020, motion filed

pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1]  (Doc. 116.)  With the

motion, Plaintiff seeks relief from judgment based on alleged new evidence and fraud.

(Doc. 116 at 23.)  Plaintiff filed the motion following a trial where the jury returned a verdict

for Defendant on her Title VII claim that Defendant had retaliated against her for engaging in

protected activity.  (*See* Doc. 105.)  Specifically, the jury first found that Ms. Leese was

subjected to a materially adverse action when the Department of Insurance applied a

certain code to her official personnel file.  (*Id.* at 2.)  The jury then found that the code was

---

[1] Proceeding pro se, Plaintiff filed two documents on March 6, 2020, titled "Memorandum in
Support of Plaintiff's Rule 60(b)(2) and (3) Motion for Relief from Final Judgment and Request for Indicative
Ruling Under 62.1(A)."  (*See* Docs. 116, 117.)  Plaintiff did not file a separate motion document but
Document 116 is docketed as a motion and Document 117 is docketed as a brief in support of the motion.
The difference in the filings is that Document 117 has attached exhibits.  In this Memorandum Opinion, the
Court will refer to Document 116 as Plaintiff's Rule 60(b) motion and Document 117 as her supporting brief.

not attached to Ms. Leese's personnel file in retaliation for her protected activity. (*Id.*) For the reasons that follow, the Court will deny Plaintiff's motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff began her employment at the Pennsylvania Department of Insurance in 1988. During her employment, she was subjected to sexual harassment from a male superior. She filed an internal complaint alleging sexual harassment by Ronald Gallagher, followed by a Pennsylvania Human Relations ("PHRC") complaint filed in 2013 asserting that she had been retaliated against for reporting the harassment. Donna Fleischauer, the Department's Director of Human Resources at the time, investigated Plaintiff's harassment complaint, and Brad Harker, Department Counsel, was aware of the complaint and handled the matter once Plaintiff filed with the PHRC. After Plaintiff filed the 2013 PHRC charge, she and Defendant entered into a settlement agreement.[3] Mr. Harker negotiated and drafted the settlement agreement. As part of the settlement agreement, Plaintiff agreed to resign. The agreement included a provision that Plaintiff not seek employment in any agency under the Governor's jurisdiction. The agreement included the following provisions:

---

[2] The pretrial factual background is primarily derived from the Statement of Undisputed Facts set out in the Memorandum Opinion addressing Defendant's motion for summary judgment (Doc. 36). (Doc. 54 at 2-5 (citations omitted).)

[3] The parties had mutually agreed that the terms of the settlement agreement are confidential and further agreed to the disclosure of selected excerpts, including those set out in the text. (Doc. 54 at 3 n.2 (citing Doc. 37 at 3 n.4).)

a. (1) . . . Leese shall not apply for, seek or accept any employment in the future with any Department, Board or Commission under the Governor's jurisdiction. Leese may seek employment with any independent state agency outside the Governor's jurisdiction, and the Department agrees that it will not interfere with any such attempts. . . .

b. (3) . . . Leese further agrees that no further complaints, charges, claims, litigation, or any other type of actions will be filed or otherwise initiated or instituted against the Department and/or its current or former individual employees in any forum arising from or relating to the Department's employment of Leese. . . .

c. (6) The Department shall not contest any application for unemployment compensation benefits filed by Leese.

d. (7) Any documents reflecting the previous disciplinary actions imposed by the Department on Leese in her Commonwealth Official Personnel File shall be removed.

e. (8) The parties understand and agree that the terms of this Settlement Agreement are confidential, subject, however, to disclosure only to the extent required by applicable state or federal laws, and/or as necessary to professional tax advisors or accountants.

f. (9) The parties agree to refrain from disparaging each other regarding any matter related to the underlying case or the [sic] Leese's employment with the Commonwealth of Pennsylvania Insurance Department. This paragraph shall apply to any business and/or job reference that the Department issues relative to Leese.

(Doc. 37 ¶ 6; *see also* Doc. 44 ¶ 6.)

There are a number of different "coding options" in the "SAP" system which is a transactional list of dates of hire, change of jobs, and separations. Plaintiff refers to the system as the state's electronic personnel system. The codes are used to separate an employee from the payroll system. The code used for Plaintiff was "ZH-07" which indicates

"voluntary resignation contact former agency." The code allowed the Department to monitor whether Plaintiff was applying with any entities within the Governor's jurisdiction. Other codes could have been used, including "ZH-01" which reflected "resigned with notice." Commonwealth agencies aside from the one from which the employee resigned had access to the electronic personnel file of an employee who resigned including access to the code affixed to the separation.

Plaintiff applied for numerous state and private sector jobs, and she had approximately ten interviews with state employers but was not selected for any of the positions.

On February 14, 2017, Plaintiff filed a single-count Complaint alleging that Defendant violated Title VII's antiretaliation provision when it retaliated against her after she filed and settled the sexual harassment case. (Doc. 1 at 1.) Defendant filed a Motion for Summary Judgment (Doc. 36) on June 25, 2018, which the Court denied with its Memorandum Opinion and Order of July 18, 2019 (Docs. 54, 55). The Court denied the motion based on the determination that issues of credibility which went to whether a reasonable jury could find Defendant's proffered reason for using the code assigned to Ms. Leese a pretext for impermissible retaliation precluded entry of summary judgment. (Doc. 54 at 27.)

Trial commenced on December 2, 2019, and the jury returned its verdict for Defendant on December 5, 2019 (Doc. 105). Plaintiff's Motion for Extension of Time to File Notice of Appeal (Doc. 111) was filed on January 3, 2020. The Court granted the motion by

Order of January 8, 2020. (Doc. 112.) Plaintiff filed her notice of appeal on February 3, 2020. (Doc. 113.) The appeal was docketed in the Court of Appeals for the Third Circuit on February 6, 2020. (Doc. 115; C.A. No. 20-1247 Doc. 1.)

On March 6, 2020, Plaintiff filed the motion now under consideration.   (Doc. 116.) Because Plaintiff's appeal had been docketed and was pending in the Circuit Court, the Court did not have jurisdiction to consider the Rule 60(b) motion.  Upon Plaintiff's motion in the Circuit Court to remand the matter to this Court for consideration of the Rule 60(b) motion (C.A. No. 20-1247 Doc. 14), a panel of the Circuit Court issued an Order on July 29, 2020, remanding the matter to this Court to consider the March 6, 2020, Rule 60(b) motion and noted that the Circuit Court "will retain jurisdiction." (C.A. No. 20-1247 Doc. 17.) The Circuit Court Order of July 29, 2020, was transmitted to this Court on July 30, 2021. (Docs. 150, 151.)

Based on the Circuit Court's remand, the Court will now consider the merits of Plaintiff's Rule 60(b) motion filed on March 6, 2020. (Doc. 116.) Plaintiff also filed a supporting brief (Doc. 117) on March 6, 2020, and Defendant filed its opposition brief on March 19, 2020. (Doc. 117.)  Plaintiff filed a reply brief on April 1, 2020.  Therefore this motion is fully briefed and ripe for disposition.[4]

---

[4] On October 4, 2021, Plaintiff filed "Plaintiff's Supplemental Memorandum of Support Under Federal Rule 60(b)(2) and (3)." (Doc. 152.)   The Local Rules of Court of the Middle District of Pennsylvania prohibit further briefing beyond a reply brief without leave of court. *See* L.R. 7.7.  Plaintiff did not seek leave of court to file her supplemental

With her pending motion, Plaintiff identifies two grounds for relief: she seeks relief under Federal Rule of Civil Procedure 60(b)(2) "based on new evidence of retaliatory animus and unscrupulous, misleading intent by the Pennsylvania Insurance Department" (Doc. 116 at 1); and she seeks relief under Federal Rule of Civil Procedure 60(b)(3) based on "misrepresentation by the Defendant as well as Plaintiff's former counsel" (*id.*). Defendant responds that Plaintiff has not shown entitlement to relief on either basis: Plaintiff has not produced any newly discovered evidence, and she has not alleged any fraudulent acts or identified who perpetrated the fraud. (Doc. 118 at 3.)

## A. Newly Discovered Evidence

Pursuant to Federal Rule of Civil Procedure 60(b)(2) the court may relieve a party from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e)." "Under Rule 60(b)(2), the term 'newly discovered evidence' refers to "evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). *Bohus* further explained that, under the rule,

> [a] party is entitled to new trial only if such evidence is (1) material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, *and* (3) would probably have changed the outcome of the trial. *Stridiron v. Stridiron,* 698 F.2d 204, 207 (3d Cir.1983); *Ulloa v. City of Philadelphia,* 692 F.Supp. 481, 483 (E.D.Pa.1988).

---

memorandum. Therefore, the Court considers only Plaintiff's supporting brief (Doc. 117) and reply brief (Doc. 121) in deciding the pending motion.

The movant under Rule 60(b) "bears a heavy burden," *Plisco v. Union R. Co.,* 379 F.2d 15, 17 (3d Cir.1967), *cert. denied,* 389 U.S. 1014, 88 S.Ct. 590, 19 L.Ed.2d 660 (1967), which requires "more than a showing of the potential significance of the new evidence." *Id.* at 16. We view Rule 60(b) motions as "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Id.; see also Moolenaar v. Government of the Virgin Islands,* 822 F.2d 1342, 1346 (3d Cir.1987).

*Bohus,* 950 F.2d at 930.

A review of Plaintiff's arguments and the Exhibits supporting her motion indicate that she does not rely on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to more for a new trial under Rule 59(e)," Fed. R. Civ. P. 60(b)(2). (*See* Doc. 117 at 7-22, 29-95.)  All exhibits (Exhibits 1-20 (Doc. 117 at 29-95)) predate Plaintiff's trial, and she makes no assertion in her supporting brief that she or her attorney were unaware of the evidence before trial.  Rather, Plaintiff states the following: she provides evidence related to settlement discussion concerning her sexual harassment claim; she provides evidence of "but-for" causation proving Defendant's retaliatory animus; she provides "untold testimony" which her trial counsel prevented her from presenting at trial; and she provides evidence of her dedication to the Department of Insurance over her twenty-six-year career showing that she was not a problem employee.  (Doc. 117 at 7-8.)

In response to Plaintiff's assertions, Defendant maintains that Plaintiff was in possession of all of the evidence now presented before trial and many of the exhibits were either introduced at trial or are cumulative to those exhibits which were introduced.  (Doc.

118 at 4-5.)  Based on these observations, Defendant also notes that Plaintiff has provided

no explanation for why she did not file a timely Rule 59(b) motion.  (*Id.* at 5.)

Though Plaintiff does not address the Rule 59 issue, she replies to Defendant's Rule

60(b)(2) arguments, stating she explained in her supporting brief that "she was unable to tell

her story at the time of the deposition and furthermore was voiced 'NOT YET' during trial

when she tried to explain to the jury how the Department sabotaged her career."  (*Id.*)

Plaintiff further avers that "every shred of new evidence cannot be found in the trial record

anywhere."  (*Id.*)

Plaintiff's assertions regarding the evidence upon which she now relies show that

she misapprehends the meaning of "new evidence" in the Rule 60(b)(2) context.  First,

though not dispositive of the issue, the Court notes that the acts and omissions of counsel

are normally wholly attributable to the client and the client is deemed to have notice of all

facts of which the attorney has notice.  *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962)

(citation omitted).  Therefore, Plaintiff's criticism of her former counsel's trial conduct is of no

legal significance in the context of her Rule 60(b) motion.  As noted in *Link*, "if an attorney's

conduct falls substantially below what is reasonable under the circumstances, the client's

remedy is against the attorney in a suit for malpractice."  370 U.S. at 634 n.10.

As directly related to Plaintiff's motion, the relevant inquiry does not have to do with

what evidence was presented at trial or why certain evidence/testimony was not presented.

"New evidence" must be evidence of which Plaintiff and her counsel were not aware and

8

could not have discovered "with reasonable diligence" in time for bringing a Rule 59(e)

motion, i.e., no later than 28 days after entry of judgment.  Fed. R. Civ. P. 59(3); Fed R. Civ.

P. 60(b)(2).  Because Plaintiff has not pointed to any evidence of which she was not aware

before January 2, 2020 (28 days after entry of judgment on December 5, 2019), her claim

for relief under Rule 60(b)(2) will be denied.

## B. Fraud

Pursuant to Federal Rule of Civil Procedure 60(b)(3) the court may relieve a party

from a final judgment based on "fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party." "To prevail on a Rule 60(b)(3)

motion, the moving party must establish that the adverse party engaged in fraud or other

misconduct, and that this misconduct prevented the moving party from fully and fairly

presenting his case." *Johnson v. Rardin*, 627 F. App'x 140, 141 (3d Cir. 2015)

(citing *Stridiron v. Stridiron,* 698 F.2d 204, 206–07 (3d Cir.1983)).  "In order to sustain the

burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be

clear and convincing." *Brown v. Pennsylvania R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960).

Plaintiff most concisely summarizes her fraud allegations in her reply brief when she

states that

> [t]he Department showed fraud by misrepresentation/misleading the Plaintiff
> with their 'no concern' clause but immediately placed that code of interference
> on Plaintiff's electronic code for all to see.  They also showed fraud when they
> didn't place Plaintiff's resignation letter in the appropriate official personnel file
> which raised the first red flag immediately for prospective employers as they
> are expecting to see a resignation letter.

(Doc. 121 at 6-7.)

The "no concern" comment is found in a May 22, 2014, email from Brad Harker to Plaintiff's counsel during settlement negotiations related to her sexual harassment claim where he states that "there would be no concern if [Ms. Leese] were to seek employment with any government entity outside of the Governor's jurisdiction." (Ex. 13 at 1-2; Doc. 117 at 68-69.) Plaintiff also asserts that Defendant procured or knew of false testimony, including Mr. Harker's testimony that "Defendant had 'concerns' which was why they placed the code on Plaintiff's electronic file" which was at odds with his email statement that Defendant "originally stated they had 'no concerns.'" (Doc. 121 at 8.) Plaintiff adds that Defendant "clearly lead [sic] the Plaintiff astray (including her attorney) to believe there were 'no concerns.'"

Plaintiff's examples and argument do not show that the alleged misconduct prevented Plaintiff from fully and fairly presenting her case. *Johnson*, 627 F. App'x at 141; *Stridiron v. Stridiron,* 698 F.2d at 206–07. Plaintiff and her attorney were, or could have been, aware of Mr. Harker's May 22, 2014, email and could have cross examined Mr. Harker about it at trial, using the email as impeachment evidence as warranted. Similarly, there is no indication that Plaintiff was fraudulently prevented from raising the issue of the placement of her resignation letter at trial.

As with Plaintiff's Rule 60(b)(2) arguments, the grounds for her Rule 60(b)(3) claim essentially relate to the presentation of her case at trial. Because Plaintiff has presented no

10

evidence or persuasive argument that fraud, misrepresentation, or misconduct by

Defendant prevented her from fully and fairly presenting her case as is required pursuant to

Rule 60(b)(3), her claim for relief pursuant to Rule 60(b)(3) will be denied.

## C. **Other Matters**

Although the Court has considered the Rule 60(b) motion which the Circuit Court

remanded (C.A. No. 20-1247 Doc. 17), other motions remain on the District Court docket

(Docs. 131, 136, 139, 142, 146).  These motions were filed between the time the Circuit

Court issued its remand order in July 2020 and the transmittal of the Order to this Court in

July 2021.  (*Compare* C.A. No. 20-1247 Doc. 17 *with* D.C. No. 3:17-CV-247 Docs 150, 151.)

Because remand was for the limited purpose of considering the Rule 60(b) motion pending

at the time of the July 2020 Order, i.e., Plaintiff's March 6, 2020, motion (*see* C.A. No. 20-

1247 Docs. 14, 17; D.C. No. 3:17-CV-247 Doc. 116), the Court's jurisdiction over the

remaining pending motions is not clear.  However, because the Court has determined that

the remaining pending motions will be mooted by the disposition of Plaintiff's March 6, 2020,

motion (Doc. 116) or for other reasons, for the sake of administrative efficiency and judicial

economy, the Court will so order with a brief explanation regarding the disposition.

On August 20, 2020, Plaintiff filed the counseled Motion for Leave to File an

Amended Rule 60 Motion (Doc. 131).  Plaintiff's counsel sought leave to withdraw on

September 30, 2020, which was granted by Court Order of October 1, 2020.  (Docs. 134,

135.)   Therefore, the Motion for Leave to File an Amended Rule 60 Motion (Doc. 131) is properly denied as moot.

On October 27, 2020, Plaintiff, again proceeding pro se, filed "Plaintiff's Motion for Extension of Time to File an Amended Federal Rule 60 Motion and Memorandum in Support" (Doc. 136).  This motion assumed a filing schedule which had not been adopted by the Court.  (*See* Doc. 136 at 1, 3.)  Moreover, with the disposition of the March 6, 2020, motion (Doc. 116), any request for an extension of time will be moot.  Therefore, Plaintiff's October 27, 2020, will be denied as moot.

On November 13, 2020, Plaintiff filed "Plaintiff's Amended Motion for Relief from Final Judgment in Support of Her Memorandum of Support Under Federal Rule 60" (Doc. 139).  Considered as a supplement to her March 6, 2020, supporting brief, Plaintiff did not seek leave of Court to file an additional brief in this matter and, as an improper filing pursuant to the Local Rules of Court of the Middle District of Pennsylvania, *see supra* p.5 n.4, need not be considered.  Further, review of the document reveals that Plaintiff presents no argument or evidence which would alter the Court's determination regarding her March 6, 2020, Rule 60(b) motion (Doc. 116).  Rather, Plaintiff again alleges wrongdoing by her own counsel and reiterates the strength of her case against Defendant.  (*See, e.g.*, Doc. 139 at 9-10.)  As Plaintiff presents no basis to consider this a separate Rule 60(b) motion, the November 13, 2020, filing (Doc. 139) will be denied as moot.

On March 5, 2021, Plaintiff filed "Plaintiff's Second Amended Motion for Relief from Final Judgment in Support of Her Memorandum of Support Under Federal Rule 60(B)(2) and (3)" (Doc. 142).  As with her November 13, 2020, filing, considered as a supplemental brief, the filing need not be considered and the substance of the motion provides no basis to alter the foregoing determination regarding Plaintiff's March 6, 2020, motion (Doc. 116), Plaintiff presents no basis to consider the filing a separate Rule 60(b) motion.  Notably, the brief in support of the motion is identical to the brief in support of the March 6, 2020, motion. (*Compare* Doc. 117 at 1-25 *with* Doc. 143 at 1-25.)  For these reasons, Plaintiff's March 5, 2021, filing (Doc. 142) will be denied as moot.

On March 12, 2021, Plaintiff filed "Plaintiff's Third Amended Motion for Relief from Final Judgment in Support of Her Memorandum of Support Under Federal Rule 60(B)(2) and (3)" (Doc. 146).  The brief in support of the motion (Doc. 147) is identical to the brief in support of the March 6, 2020, motion and March 5, 2021, motion.  (*Compare* Doc. 117 at 1-25 *with* Doc. 143 at 1-25 *and* Doc. 147 at 1-25.)  The motion itself presents no new basis for relief.  Therefore, for the reasons the November 13, 2020, filing (Doc. 139) and March 5, 2021, filing (Doc. 142) will be denied as moot, the March 12, 2020, filing (Doc. 146) will be denied as moot.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's March 6, 2020, motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 116) will be denied.  The remaining motions pending on the District Court docket (Docs. 131, 136, 139, 142, 146) will be denied as moot.  A separate Order will be filed with this Memorandum Opinion.

Robert D. Mariani
United States District Judge